```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:__10/16/18_____     │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAMOUDOU CAMARA, et al.,

                Plaintiffs,

-against-

JUST SALAD 600 THIRD LLC, et al.,

                Defendants.

16-CV-07078 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated October 9, 2018 (Dkt. No. 127), seeking approval of their proposed settlement agreement (Agreement) (Dkt. No. 127-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). For the reasons that follow, the Agreement is APPROVED.

## Background

The Agreement requires defendants Just Salad 600 Third LLC, Just Salad 134 37th St. LLC, Just Salad 320 Park Ave LLC, Just Salad 30 Rock LLC, Just Salad 1471 3rd Ave LLC, and Just Salad Herald Square LLC to pay a total of $84,000 to plaintiffs Famoudou Camara, Paulino Zapotitlan, Antonio Altamirano, Luis V. Panora, and Omar Hernandez Santos in full settlement of plaintiffs' wage and hour claims, brought pursuant to the Fair Labor Standards Act and the New York Labor Law. Ag. § I. Defendants must pay this sum within thirty days of judicial approval of the Agreement. *Id*. § II. Plaintiffs' attorneys seek an award of $732.85 in costs and $27,755.72 in fees, representing one-third of the net settlement amount after costs are deducted. Joint Ltr. at 6-7; Ag. § II(a)(1)-(2). Of the remaining $83,267.15, Camara will receive $13,999.98, Zapotitlan will receive $14,971.43, Altamirano will receive $7,804.91, Panora will receive $15,304.50, and

Santos will receive $3,425.06. Ag. § II(a)(3)-(7). The allocation is proportional to each plaintiff's claimed damages as calculated by their counsel. *See* Joint Ltr. at 7.[1]

If defendants fail to pay the settlement amount within five days after it is due, the Agreement requires plaintiffs' counsel to provide notice and a 48-hour opportunity to cure the default, after which defendants face various penalties (including, somewhat redundantly, "accelerated payment of the entire settlement sum," Ag. § III(b)), plus interest at nine percent (9%) per year if the payment is made more than 37 days after its due date. *Id*. § III(c)-(d).  In addition, if defendants sell or otherwise transfer assets "necessary to the consummation of the settlement agreement" prior to judicial approval, they must hold the sale proceeds in escrow ("up to the full value of the settlement amount") until "the settlement amount is paid," *id*. § V(b), and must pay that amount immediately upon Court approval of the Agreement.  *Id*. § V(c).  The parties have also agreed that their Stipulation and [Proposed] Order of Dismissal with Prejudice, *id*. Ex. A, will not be filed until defendants have satisfied their payment obligations. *Id*. § VIII.

The Agreement includes mutual but asymmetrical releases, in which plaintiffs release defendants and their affiliates from "any claims alleged in the Complaint **ONLY** . . . pertaining to Plaintiffs' employment with defendants as specified in the Complaint," while defendants release plaintiffs and their representatives from "any and all actions . . . that Defendants have or may have against Plaintiffs as of the date the Agreement is signed on behalf of Defendants." Ag. § VII (emphasis in original).

---

[1] The Court notes that the individual settlement payments, costs, and attorneys' fees actually total $83,994.45, leaving a remainder of $5.55 ($84,000-$83,994.45). For ease of administration the $5.55 may be divided equally among the five plaintiffs.

## Analysis

Having reviewed the terms of the Agreement and supporting materials, the Court finds that the proposed settlement is fair and reasonable as required by *Cheeks.* The Court notes that the case was vigorously litigated, and that a settlement was reached only after the parties completed discovery, litigated a summary judgment motion (as a result of which the Court dismissed a number of plaintiffs' claims, *see* Dkt. No. 99), and mediated their remaining disputes before a Court-annexed mediator. Trial was scheduled to commence on October 22, 2018. (*See* Dkt. No. 115.)  The requested award of costs and fees to plaintiffs' counsel, which is significantly below their lodestar, *see* Joint Ltr. Ex. C, is also reasonable. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'").

## Conclusion

Accordingly, the proposed settlement is APPROVED. The parties are directed to file their Stipulation and [proposed] Order of Dismissal with Prejudice promptly upon payment of the settlement consideration by defendants, at which point the Clerk of Court will be directed to close the case.

 Dated: New York, New York
        October 16, 2018

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**